D'ANDRE et al. v. ZIMMERMANN et al.

(City Court of New York, General Term. April 27, 1896.)

</div>

MECHANIC'S LIEN—JUDGMENT IN FAVOR OF SUBCONTRACTOR.
    Defendants in an action to foreclose a mechanic's lien cannot complain that a subcontractor who had done work for plaintiff was allowed to take judgment against plaintiff instead of against defendants.

Appeal from special term.

Action by Antonio D'Andre and others against Joseph J. Zimmermann and others to foreclose a mechanic's lien. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

J. Geo. Flammer, for appellants.

Irons & Todd, for respondents.

VAN WYCK, C. J. The plaintiffs duly filed a mechanic's lien against defendant Joseph J. Zimmermann's real property, upon a claim for stonework done under a written contract with him; and

the five Italian defendants who did a part of the work for plaintiffs also filed liens. After this action was commenced by plaintiffs to foreclose their lien, the defendants McIntyre and Jacob A. Zimmermann, as sureties, executed a bond for the discharge of plaintiffs' lien, which was duly approved and the lien duly discharged, and said sureties duly made parties defendant by the amended complaint which was served upon them, and to which they, with Joseph J. Zimmermann, the defendant owner, interposed the same answer, by which every allegation of the amended complaint was admitted, except the one as to plaintiffs' co-partnership, and the allegation that the work done by plaintiffs under the written contract was of the agreed price of $390.24, and set up affirmatively that, although the written contract provided that plaintiffs were to do the stonework for 6 cents per cubic foot, the real agreement was that they were to do it for 5 cents per cubic foot. The complaint duly set up the cause of action, notwithstanding appellants' contentions regarding the same. The plaintiffs proved at trial that they had completed 5,766 cubic feet of stonework for the defendant owner, at the agreed price of $345.96, being 6 cents per cubic foot, and the court so found. But as plaintiffs had left undone some little work, of the value of $13.80, the court found that this should be deducted, and ordered judgment for $332.16, with interest and costs, amounting in all to $454.14, in favor of plaintiffs, against defendants Joseph J. Zimmermann, McIntyre, and Jacob A. Zimmermann, and this appeal is by these defendants, from such judgment duly entered. At trial the claims by the five Italian defendants against plaintiffs were adjusted, and the court's findings directed that they each might take judgments against plaintiffs for the same, as so adjusted, to which plaintiffs consented. What possible injury could these appellants sustain by reason of these judgments, not against them, but against the plaintiffs? And, moreover, it does not appear that they were ever obtained, and the only judgment that has to be dealt with on this appeal is plaintiffs' judgment against the appellants, which is affirmed, with costs.